[No. 32580.   Department Two.   November 24, 1953.]

WILLAMETTE HAULING COMPANY, *Respondent*, v. JEROME K. KUYKENDALL *et al.*, *Appellants.*[1]

*The Attorney General* and *Quinby R. Bingham, Assistant*, for appellants.

*Brodie, Brodie & Fristoe* (*Hickson & Dent*, of counsel), for respondent.

[1]Reported in 263 P. (2d) 827.

GRADY, C. J.—The proceeding in this court by the public service commission of the state of Washington is to have reviewed a decree of the superior court setting aside an order made by it revising a common-carrier permit held by respondent, and directing that the rights held under the permit prior to the entry of such order be restored. No disputed question of fact is presented. The assignments of error raise questions of law only. We shall refer to public service commission as appellant.

Respondent is an Oregon corporation engaged in the business of common carrier and is the holder of a permit issued by appellant authorizing "intrastate, irregular route, nonradial service as a common carrier in the transportation of general freight in the State of Washington."

In 1948, respondent was directed by appellant to appear at a hearing and show cause why its permit should not be revised because of its failure to conduct its common-carrier business in the state of Washington in accordance with its permit authority. The complaint made against respondent was that it was not furnishing service to patrons desiring to ship what was generally understood to fall within the ordinary meaning of "general freight" but was limiting its service to the hauling of heavy machinery and equipment and building materials consisting of lumber only. Respondent sought to excuse its failure to haul general freight because of its inability to secure the necessary hauling equipment. Respondent claimed that it was holding itself out to the public to accept all business tendered and asserted that it was contemplating opening a terminal at Yakima, Washington. The commission took no action against respondent as a result of that hearing.

Later, substantially the same complaint was made, and respondent was directed to show cause why its permit should not be altered. Appellant made an investigation of the operations of respondent during the period commencing May 1, 1950, and ending April 30, 1951. Appellant found that during this period respondent hauled a total of thirty-four shipments in Washington in intrastate commerce, and

of these it carried only two classes of commodities, one being steel storage tanks, power cranes, and tractors, and the other being building materials consisting of lumber only. Respondent had not qualified itself to do business in the state of Washington. Although respondent had a soliciting agent in Seattle, none of the thirty-four shipments representing respondent's Washington business were originated by such agent during the aforesaid period. The contemplated plan to establish a terminal in the state of Washington was still in the same stage as it was in 1948. Respondent had claimed that it was listed in the Vancouver, Washington, telephone directory, but this was found to be untrue; and it was further found that respondent had not affirmatively held itself out to do business as a hauler of general freight in the state of Washington as authorized by its permit. Appellant concluded that the permit should be revised to read as follows:

"Intrastate, irregular route, non-radial service as a carrier of Heavy Machinery; Building Materials consisting of lumber only; and Storage Tanks in the State of Washington. Interstate service as may be authorized by the Bureau of Motor Carriers, Interstate Commerce Commission."

The respondent obtained from the superior court a writ of review. The parties stipulated that the hearing upon the application for the writ should be submitted to the court on the departmental record. The court adopted the findings of fact made by the public service commission, but reversed its order. In its memorandum decision, the court expressed the view that the statute, RCW 81.80.280, authorizing an alteration of a permit in the event the permittee "has not conducted his operations in accordance with the permit granted him," had reference only to affirmative action violative of such statute, and that the failure of a permittee to make full use of his rights under his permit was not a valid reason for its alteration by the commission. The court expressed the opinion that it must be guided by the rule recognized in *State ex rel. P. U. D. v. Department of Public Service*, 21 Wn. (2d) 201, 150 P. (2d) 709, as follows:

"It is well settled in this state, as elsewhere, that a public service commission, such as the department of public service in this state, is an administrative agency created by statute and as such has no inherent powers, but only such as have been expressly granted to it by the legislature or have, by implication, been conferred upon it as necessarily incident to the exercise of those powers expressly granted."

RCW 81.80.070 and RCW 81.80.280 provide:

"No permit or extension thereof shall be granted if the commission finds that the applicant is not financially able, properly and adequately equipped, and capable of conducting the transportation service applied for in compliance with the law and rules and regulations of the commission . . . ."

"Permits may be canceled, suspended, altered, or amended by the commission after notice and hearing upon complaint by any interested party, or upon its own motion, when the permittee or his or its agent has repeatedly violated this chapter, the rules and regulations of the commission or the motor laws of this state or of the United States, or the permittee has made unlawful rebates or has not conducted his operation in accordance with the permit granted him. Any person may at the instance of the commission be enjoined from any violation of the provisions of this chapter, or any order, rule, or regulation made by the commission pursuant to the terms hereof. . . ."

These statutes contemplate that the commission may grant a permit to one who is adequately equipped and capable of conducting the transportation service applied for by him, but if the permittee fails to render all of the service authorized, the permit may be altered or amended to exclude the part of the authorized activity he has failed to conduct. It therefore must follow that, when a permit is issued to a carrier to transport a certain class or classes of commodities and it fails to perform a substantial part of the service contemplated, such permittee "has not conducted his operation in accordance with the permit granted him."

It is our opinion that RCW 81.80.280 has reference to both affirmative and negative conduct, and that the commission acted within its granted powers when it altered the permit of respondent because of nonaction. The respondent

was authorized and required to haul general freight; it failed to either haul general freight or put itself in a position so to do. Appellant was very lenient with respondent and did not alter its permit to exclude the transportation of general freight until it became satisfied that respondent not only had failed to equip itself so to do, but had no intention to haul freight other than heavy equipment and building materials consisting of lumber only, notwithstanding its protestations and promises to the contrary.

We have examined the authorities cited by respondent, but do not find them to be of assistance. In the cases cited, the courts were presented with statutes substantially different from ours, and with situations not sufficiently comparable to the one here presented to be of any authoritative guide.

The judgment is reversed, and the cause remanded for the entry of an order affirming the action of appellant in altering the permit of respondent.

SCHWELLENBACH, HAMLEY, DONWORTH, and FINLEY, JJ., concur.